66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Valentina Perdomo, Defendant-Appellant.
 No. 95-5195.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 22, 1995
Decided Sept. 20, 1995
 
 Denise Jakabcin Tassi, Alexandria, VA, for Appellant.
 Helen F. Fahey, United States Attorney, Jay Apperson, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before MURNAGHAN, WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Valentina Perdomo appeals her conviction for conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, 21 U.S.C. Secs. 841(a), 846 (1988). She asserts on appeal that there was insufficient evidence to support the jury's verdict. Because we find the evidence at trial sufficient to sustain her conviction, we affirm.
 
 
 2
 Taken in the light most favorable to the Government, trial testimony established that Appellant's husband, Jose Bautista, and his partner Luis Garcia moved from New York to Maryland for the purpose of dealing cocaine. For approximately one year, the men obtained cocaine monthly in New York, transported it to Maryland via courier, and sold it in Maryland and Virginia. They split the profits from their drug sales evenly.
 
 
 3
 Perdomo lived in the house with Bautista and Garcia which was the base of their drug operations. She not only knew of the conspiracy, but helped package and weigh cocaine, accompanied her husband on drug deliveries, carried money from a delivery in Virginia back to Maryland, helped count and bundle drug proceeds, took money to and from the Dominican Republic, and brought cocaine on at least two occasions to the home of Lois Voyles. Although Bautista denied that Perdomo had any role in his cocaine business at Perdomo's trial, his testimony was contradicted by that of Garcia and Voyles and by his own signed plea agreement in which he named Perdomo as a full participant.
 
 
 4
 Appellant contends that the evidence used to convict her was insubstantial, consisting of the suppositions and conjecture of witnesses rather than their actual knowledge. She insists that she was merely Bautista's wife, not his co-conspirator. However, our review of the evidence suggests otherwise.
 
 
 5
 We will uphold a jury verdict if substantial evidence supports it. Glasser v. United States, 315 U.S. 60, 80 (1942). The inquiry on appeal is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial and direct evidence is considered, and the government is entitled to all reasonable inferences which can be drawn from the facts established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). In resolving a substantial evidence challenge, this court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 6
 In a conspiracy case, the government must prove that a conspiracy existed and that the defendant had knowledge of and voluntarily became part of the conspiracy. United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.) (citing United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992)), cert. denied, 62 U.S.L.W. 3246 (U.S.1993). Once a conspiracy is shown to exist, the government need show only a slight connection to the defendant to sustain the conviction. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992).
 
 
 7
 We find substantial evidence to support the jury's finding that Perdomo knew of and participated in the conspiracy. Both Bautista and Garcia admitted forming the conspiracy and that they lived with Perdomo in a rented house which was their base of operations. Bautista testified that he told Perdomo of the conspiracy. Garcia stated that Perdomo helped package cocaine for sale and helped count and bundle drug proceeds. Voyles claimed the Perdomo brought drugs to her house. She also saw Appellant weighing cocaine on a scale and packaging it in bags for sale. Even limiting the evidence to the direct, firsthand observations of these witnesses, Perdomo's participation in the conspiracy is clear. Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED